**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/2026

---------------------------------------------------------------X
ELIZABETH VALDEZ,

Plaintiff,

-against-

BROADWAY 10TH AVE REALTY CORP., 439 W. 202ND STREET REALTY CORP., FLK INC.,

Defendants.
---------------------------------------------------------------X

**22-CV-3299 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On April 24, 2025, the parties advised the Court that they reached an agreement in principle to settle this action. (ECF No. 80) Following an April 29, 2025 conference, the Court agreed to retain jurisdiction to enforce the settlement, and on August 13, 2025, so-ordered the parties' stipulation of dismissal expressly providing for such jurisdiction. (ECF Nos. 90, 92) The settlement permitted Defendant FLK Inc. ("FLK") to pay its share in monthly installments.

On July 9, 2026, the Court held a case management conference upon learning that Plaintiff Elizabeth Valdez ("Plaintiff") seeks to file a motion to enforce judgment due to FLK's alleged monetary breach of the settlement agreement entered into by Plaintiff and Defendants. In a Post-Conference Order, the Court directed the parties to file a copy of the settlement agreement on the docket, and insofar as any party sought closure of the agreement, the parties were given leave to file a motion to seal. (ECF No. 95) On July 10, 2026 Plaintiff complied with the Post-Conference Order by filing a copy of the settlement agreement to the docket along with a motion to seal the same. (ECF Nos. 95-97) On July 30, 2026, Plaintiff filed a letter indicating that the parties were unable to reach a resolution through a stipulated judgment and

now seek a briefing schedule in connection with a formal motion to enforce the settlement agreement. (ECF No. 100) For the following reasons, Plaintiff's motion to seal is DENIED.

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "The presumption of access is based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). In other words, "the presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action ...." *DiRussa v. Dean Witter Reynolds Inc*., 121 F.3d 818, 826 (2d Cir. 1997) (citing *Amodeo*, 71 F.3d at 1047).

Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1049). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015). The Circuit has emphasized that the "presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'" *Gambale v. Deutsche Bank* AG, 377 F.3d 133, 140 (2d Cir. 2004) (quoting *Amodeo*, 71 F.3d at 1049).

**DISCUSSION**

At the time the instant motion was filed, Plaintiff and FLK contemplated resolving FLK's outstanding payment through a stipulated judgment in lieu of enforcement of the settlement agreement. (ECF No. 96 p. 1) However, since then, the posture of this action has changed materially. Pertinently, the parties have now indicated they seek a formal briefing schedule to enforce the settlement agreement. (ECF No. 100) Accordingly, Plaintiff *does* seek relief under the settlement agreement, and, therefore, the Court needs to interpret, enforce, or apply confidential settlement terms to adjudicate the motion. As such, the settlement agreement is undoubtedly a "judicial document" to which "a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126; *see Chigirinskiy v. Panchenkova*, 319 F.Supp. 3d 718, 738 (S.D.N.Y. 2018) (denying a motion to seal the terms of a confidential settlement agreement because the settlement agreement was filed in connection with a motion "to enforce [the] settlement agreement or to otherwise adjudicate the effect of settlement terms."). Put differently, the resolution of Plaintiff's anticipated motion to enforce the settlement agreement "relies heavily on a full examination of the Settlement … Agreement[] in question." *Bernsten v. O'Reilly*, 307 F.Supp. 3d 161, 166 (S.D.N.Y. 2018).

Additionally, Plaintiff has failed to meet her burden of demonstrating that given the above-determined presumption of public access, countervailing interests warrant complete closure of the agreement. Plaintiff's argument that sealing is necessary because the agreement includes a bargained-for confidentiality provision is not persuasive. Courts in this District have regularly noted that a confidentiality provision alone is not determinative with respect to a

motion to seal. *See Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 338 (S.D.N.Y. 2012) (determining that a confidentiality provision, standing alone, is insufficient to overcome the presumption of public access); *Bernsten*, 307 F.Supp. 3d at 166 (same). Were private parties permitted to defeat the presumption of public access merely by agreeing among themselves to maintain confidentiality, the presumption would be rendered "virtually meaningless," because it could be displaced whenever litigants elected to designate their agreement or filings as confidential. *Wolinsky,* 900 F.Supp.2d at 338; *see also Under Seal v. Under Seal,* 273 F.Supp.3d 460, 471-72 (S.D.N.Y. 2017). *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19 Civ. 4223 (LAP) (KHP), 2021 WL 1812199, at *2 (S.D.N.Y. May 6, 2021), which Plaintiff cites in support of its confidentiality argument is distinguishable primarily because no motion to enforce the terms of the agreement, anticipated or otherwise, underpinned the motion to seal.

In sum, when balanced against the great weight to be accorded judicial documents, Plaintiff has filed to make a sufficient showing that would allow the Court to make an on the record finding that sealing, in this instance, is warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to seal is DENIED. Insofar as the parties seek a briefing schedule for a motion to enforce the settlement agreement, the following briefing schedule is set. Plaintiff's motion is due **August, 21, 2026**; Defendant's opposition is due **September 4, 2026**; and Plaintiff's reply, if any, is due **September 14, 2026**.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 96.**

**SO ORDERED.**

Dated: July 31, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge