UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2026

---------------------------------------------------------------X

ELIZABETH VALDEZ,

Plaintiff,

-against-

BROADWAY 10TH AVE REALTY CORP., 439 W. 202ND STREET REALTY CORP., FLK INC.,

Defendants.

---------------------------------------------------------------X

22-CV-3299 (KHP)

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On August 22, 2026, Plaintiff filed a letter pursuant to the Court's Order at ECF No. 105 representing that Plaintiff has received the remaining balance due under the parties' settlement agreement. Accordingly, Plaintiff has represented she will not file a motion to enforce the settlement or seek entry of a stipulated judgment. In light of the above and per the Stipulation of Voluntary Dismissal at ECF No. 92 the Court deems all pending issues resolved. The case remains closed.

In light of the above, the Opinion and Order at ECF No. 102 is superseded by the following:

Plaintiff does not seek relief under the settlement agreement, and the Court need not interpret, enforce, or apply any confidential settlement term. (ECF No. 106) Moreover, the agreement was only filed because the Court ordered it filed, and not because it is necessary to adjudicate any pending motion. Accordingly, the Court finds that the settlement agreement is not a "judicial document" to which "a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 126 (2d Cir. 2006); *see also Schoeps v. Museum of Modern Art,* 603 F.Supp. 2d 673, 676 n.2 (S.D.N.Y. 2009) ("In this case, the settlement agreement, though filed with the Court, is probably not a 'judicial document' because it was submitted at the Court's request and was not the basis of any decision or action by the Court.").

After careful review, the Court finds that public disclosure of the agreement would reveal nonpublic settlement terms, including the confidential payment amount and structure, and would undoubtedly undermine the confidentiality provision the parties bargained for in resolving this action. Indeed, the Second Circuit has frequently held that presumption of public access is mitigated where disclosure would compromise the confidentiality of a settlement agreement. *See, e.g.*, *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 857 (2d Cir. 1998) ("[A]ccess to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts."); *Palmieri v. State of New York*, 779 F.2d 861, 864 (2d Cir.1985) (recognizing the importance of "district courts and civil litigants [facilitating] efficient resolution of disputes through negotiated settlements."); *cf. In re September 11 Litigation*, 723 F.Supp.2d 526, 532-33 (S.D.N.Y. 2010) (denying the sealing of a final settlement agreement because the materials at issue were not preliminary and the settling parties have moved for approval of the final agreement).

Because the parties are not seeking enforcement of the settlement agreement or a stipulated judgment, the court ordered the public filing of the agreement, and the interests against disclosure of the contents of the agreement outweigh the common law and Constitutional presumptions of access, the motion to seal is GRANTED.

**The Clerk of Court is respectfully directed to maintain the filing at ECF No. 97 under seal.**

**SO ORDERED.**

DATED: New York, New York
August 11, 2026

Katharine H Parker
_______________________________
KATHARINE H. PARKER
United States Magistrate Judge